UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIAZ PATRAS, MARYAM PATRAS and MARK PATRAS<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANTIOCH, OFFICER DESMOND BITTNER, SERGEANT MITCH SCHWITTERS, OFFICER W.N. DILLARD II, OFFICER STEVEN SOARES, CHIEF OF POLICE JAMES HYDE, and DOES 1-100<br><br>Defendants. | **CASE NO.: CV-09-1891 MMC**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR AN AWARD OF MONETARY SANCTIONS AS MODIFIED** |

On July 27, 2010, at 9:00 a.m. at the above-entitled Court located at 450 Golden Gate Ave., San Francisco, CA 94102, the parties appeared before Honorable Elizabeth D. Laporte, United States Magistrate Judge on Plaintiffs' Motion to Compel Production of Documents and an Award for Monetary Sanctions. Petra Bruggisser and Noah Blechman appeared on behalf of Defendants. Stephen Sommers appeared on behalf of Plaintiffs.

After considering the submitted documents and oral argument, this Courted granted Plaintiffs' motion in part and denied the motion in part.

- 1 -

*Patras et. al., v. City of Antioch, et. al.,* United States District Court CAND Case No.:   CV-09-1891 MMC
[PROPOSED] ORDER

1 **A.      Plaintiffs' request for Responses to Request for Production Numbers 2, 3, 4, and 5.**

2     Request for Production Number 2:

3     Any and all audio taped conversations between Defendant Officer Dillard and Defendant Officer Bittner regarding Section 8 Housing tenants.

5     GRANTED IN PART AND DENIED IN PART.  The Court found that Defendants had not raised an "official information" privilege as such procedure outlined by *Kelly v. City of San Jose*, 114 F.R.D. 653, 668-673 (N.D.Cal. 1987).  The Court weighed privacy rights of Section 8 Housing tenants against Plaintiffs' right to discover evidence regarding their individual, *Monell* and associated claims.  The Court found the privacy rights of tenants who rent from Plaintiffs do not outweigh the Plaintiffs' right to discovery of evidence to support Plaintiffs' individual, *Monell* and associated claims.  However, the Court found that privacy rights of Section 8 tenants who do not rent from Plaintiffs do not trump Plaintiffs' right to discovery of evidence to support Plaintiffs' individual, *Monell* and associated claims.  The Court further found that Plaintiffs' unlimited timeframe for its request to be overbroad.

15    DEFENDANTS ARE HEREBY ORDERED to produce all audio taped conversations between Officers Dillard and Bittner from [June 1, 2007 through October 31, 2007], regarding Section 8 Housing tenants who rent from any of the Plaintiffs.

18    The Parties shall further meet and confer regarding Plaintiffs' remaining request pertaining  to  audio taped conversations between Defendant Officer Dillard and Officer Bittner regarding other Section 8 Housing tenants that did not rent from any of the Plaintiffs..

21    IT IS FURTHER ORDERED  that Defendants produce an affidavit or declaration from a responsible official(s) within the agency with personal knowledge, under oath or penalty of perjury, which affirms that the agency conducted a diligent search for the evidence subject to this request and that such evidence has been produced, and explains the steps that were taken in conducting the search.

Request for Production Number 3:

All DOCUMENTS relating to, regarding, referring to and/or describing any and all taped conversations between Defendant Officer Dillard and Defendant Officer Bittner regarding Section 8 Housing tenants.

GRANTED IN PART AND DENIED IN PART.  The Court found that Defendants had not raised an "official information" privilege as such procedure outlined by *Kelly v. City of San Jose*, 114 F.R.D. 653, 668-673 (N.D.Cal. 1987).  The Court weighed privacy rights of Section 8 Housing tenants against Plaintiffs' right to discover evidence regarding their individual, *Monell* and associated claims.  The Court found the privacy rights of tenants who rent from Plaintiffs do not outweigh the Plaintiffs' right to discovery of evidence to support their individual, *Monell* and associated claims.  However, the Court found that privacy rights of Section 8 tenants who do not rent from Plaintiffs do not trump Plaintiffs' right to discovery of evidence to support their individual, *Monell* and associated claims.  The Court further found that Plaintiffs' unlimited timeframe for its request to be overbroad.

DEFENDANTS ARE HEREBY ORDERED to produce all documents related to, regarding, referring to and/or describing any and all audio taped conversations between Officers Dillard and Bittner from [June 1, 2007 through October 31, 2007], regarding Section 8 Housing tenants who rent from any of the Plaintiffs.

IT IS FURTHER ORDERED  that Defendants produce an affidavit or declaration from a responsible official(s) within the agency with personal knowledge, under oath or penalty of perjury, which affirms that the agency conducted a diligent search for the evidence subject to this request and that such evidence has been produced, and explains the steps that were taken in conducting the search.

Request for Production Number 4:

Any and all audio taped conversations between Defendant Officer Dillard and Defendant Officer Bittner regarding any of the Plaintiffs in this case.

GRANTED.  Defendants asserted that all such audiotapes have been produced.

- 3 -

*Patras et. al., v. City of Antioch, et. al.,* United States District Court CAND Case No.:   CV-09-1891 MMC
[PROPOSED] ORDER

1  IT IS ORDERED that Defendants produce an affidavit or declaration from a responsible
2  official(s) within the agency with personal knowledge, under oath or penalty of perjury, which
3  affirms that the agency conducted a diligent search for the evidence subject to this request and
4  that such evidence has been produced, and explains the steps that were taken in conducting the
5  search.

6  <u>Request for Production Number 5:</u>

7  All DOCUMENTS relating to, regarding, referring to and/or describing any and all taped
8  conversations between Defendant Officer Dillard and Defendant Officer Bittner regarding any of
9  the Plaintiffs in this case.

10  GRANTED.  Defendants asserted that all such audiotapes have been produced.

11  IT IS ORDERED that Defendants produce an affidavit or declaration from a responsible
12  official(s) within the agency with personal knowledge, under oath or penalty of perjury, which
13  affirms that the agency conducted a diligent search for the evidence subject to this request and
14  that such evidence has been produced, and explains the steps that were taken in conducting the
15  search.

16  **B.     Plaintiffs' Request for Monetary Sanctions.**

17  DENIED.

19  IT IS SO ORDERED

21  Date:___Aug. 6, 2010_____          _Elizabeth D. Laporte_____
                                          Honorable Elizabeth D. Laporte
22                                        Magistrate of the U.S. District Court
                                          Northern District of California

*Patras et. al., v. City of Antioch, et. al.,* United States District Court CAND Case No.:   CV-09-1891 MMC
[PROPOSED] ORDER